BIANCHI, PLAINTIFF AND APPELLANT, *v.* PIERAZZI ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action to Establish the Better Right of a Third Person.

No. 1619.—Decided July 20, 1917.

MORTGAGE—ATTACHMENT—JUDGMENT—BETTER RIGHT OF THIRD PERSON—PRIORITY OF CREDITS.—In this case the mortgagee owned two mortgage cred-

its against the same land and debtor. The first was duly recorded in the registry, but although it has matured it has never been foreclosed. The second, although executed prior to the levy of an attachment by a suitor to answer for the effectiveness of judgment in an action against the same debtor, was presented in the registry three hours later than the order of attachment. The marshal having advertised the sale of the property in execution of the judgment obtained, the mortgagee began this suit against the judgment creditor and the debtor, who is in possession of the property, in order that his mortgages, the second of which has not yet matured, might be adjudged to have preference over the attachment. *Held:* That the question raised was an academic one.

ID.—SUIT—OBLIGATION.—The ordinary rule is that no one can be subjected to a successful suit unless he is under some obligation to the plaintiff which he has failed to perform.

ID.—THIRD PERSON.—The idea of a third person with better right is that a present right attempted to be put into execution is interfered with by a person claiming an adverse right.

ID.—COURTS—SPECULATIVE AND ABSTRACT QUESTIONS.—Courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for future conduct of individuals in their business and social relations, but they are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined.

ID.—PURCHASER—REMEDIES OF MORTGAGEE.—Under the plain provisions of the Mortgage Law, many times declared by the courts, the purchaser of a mortgaged property, so far as the land is concerned, would step into the shoes of the debtor, and when the mortgage falls due the mortgagee's remedies against the purchaser are exactly the same as they would have been against the debtor.

The facts are stated in the opinion.

*Mr. Tomás Castillo* for the appellant.

*Messrs. José* and *Manuel Tous Soto* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Fernando Trublard, at the time of the commencement of this suit, was the owner of a piece of property in the Judicial District of Ponce. The property was not free of encumbrances inasmuch as Antonio Bianchi held a mortgage against it in the sum of nine hundred dollars, more or less, which had matured in 1911, and which said mortgage for some undisclosed reason, possibly payment of interest and renewals, had never been foreclosed. The said mortgage was duly recorded in the registry of property. But Antonio Bianchi owned another mortgage credit against the said land and

debtor in the sum of two thousand five hundred dollars, more or less, maturing on the 26th of August, 1918, which, although executed on the 26th of August, 1913, through forgetfulness, if not carelessness, was not recorded until April 7, 1914. Three hours before the presentation for record of the said mortgage there was presented in the registry of Ponce by the marshal of the district court an order of said court attaching said property to respond for the effectiveness of a judgment in a suit begun against said Trublard by Nereo Pierazzi to recover the sum of $2,102.87, interest and costs. Nereo Pierazzi obtained his judgment and the marshal announced a sale in execution of said judgment. Hence this suit.

Now, while Bianchi, Pierazzi, their respective attorneys, the decisions of this court, to say nothing of the Mortgage Law and the law in general, all declare that the mortgages of Bianchi have preference over the attachment of Pierazzi, yet Bianchi insists that he is entitled to a judgment declaring such preference. In other words, he wanted the District Court of Ponce to say that section 44 of the Mortgage Law was true and not false. Section 44 is as follows:

"A creditor who obtains the entry of a cautionary notice in his favor under the circumstances enumerated in subdivisions 2, 3 and 4 of article 48, shall have preference, only with regard to the property against which the notice appears, over those who have against the same debtor another claim contracted subsequently to such entry."

The District Court of Ponce said the question was an academic one and rendered judgment on the pleadings in favor of Pierazzi.

The theory of the complaint, or at least one of the theories, is that the court, by making the declaration so earnestly sought, will avoid trouble to other creditors and to the complainant himself. In the ninth paragraph thereof the complainant finds himself under the imperious necessity, in order to avoid ulterior judicial disputes in defense of his right if the property should come into the hands of a third person,

to ask a conclusive pronouncement that complainant's mortgages have preference. What he is really seeking is a sort of moral writ of injunction, preventing anybody from interfering with the present *status quo* with Trublard in the possession of the property. For the obstinate Pierazzi, we infer from the complaint, is not satisfied that the mortgages of Bianchi exceed the value of the property, but insists on a sale. Bianchi says that the property has no excess value and he maintains that the execution of the judgment against this property would be idle and useless. But it is perfectly clear that if there is a sale and Pierazzi or anyone else wants to buy the land, subject as it is to the mortgages, he has a perfect right to do so. Under the plain provisions of the Mortgage Law, many times declared by the courts, the purchaser, so far as the land is concerned, would step into the shoes of the debtor. When the mortgages, or either of them, falls due, Bianchi's remedies against the purchaser are exactly the same as they would be against Trublard.

The appellant insists that under the Mortgage Law formerly a notice would have gone forth at the time of the sale warning an intending purchaser that the latter took subject to the mortgages, and that such a warning does not exist today. He says the marshal does not know and cannot know nowadays of the state of the land and cannot give the warning. But the only avowed object of this suit, frequently repeated in the complaint, is that the court should declare the preference. The marshal is not made a party to the suit, nor is there any relief sought to ensure such an announcement by the marshal in making the sale.

The appellant maintains that one of the objects of the suit is to bring to the knowledge of future purchasers the knowledge of the condition of things. This knowledge, altruistic as may be the intentions of the complainant, such purchasers are presumed to have by the law. This is not in any sense a suit against any proposed purchaser. Even supposing that somebody would purchase the property, despite the

solemn declaration of the district court that Bianchi's mortgages were to be preferred, such purchaser would nevertheless, if he claimed a preference, be entitled to his day in court. He would not be concluded by the judgment in this case. The judgment would only declare the preference in a suit against Pierazzi, who directly admits, as does the judgment impliedly, the truth of every material statement of fact in the complaint. The judgment sought could not serve the object of Bianchi. It would give no special notice to intending purchasers. It must be remembered too that Pierazzi admits the preference of Bianchi.

If the appellant is right in this case, then every time that a judgment creditor wants to execute on a mortgaged piece of property duly recorded a suit may be brought against him. It is important to put the mind on the position of the judgment creditor. What matters it to him in this case that the mortgage creditor failed to **record a mortgage?** Could the neglect of the mortgagee give such mortgagee a right which he otherwise would not have had to subject the judgment creditor to the annoyance and expense of defending a suit? Evidently not. So that if the mortgage creditor has a right it must arise from something independently of his own neglect. The ordinary rule is that no one can be subjected to a successful suit unless he is under some obligation to the plaintiff which he has failed to perform. What duty does Pierazzi owe Bianchi? Is there any privity of relation between them? We return to the statement insisted upon by appellant in his brief that the value of the property is less than the value of the mortgages. For the purposes of the suit, although we doubt its materiality, the alleged opinion evidence may be admitted. Nevertheless, any judgment creditor may execute on the property, buy it in if unopposed, and enjoy the fruits thereof, until a mortgage proceeding is begun. The property may enhance in value; Pierazzi may have knowledge of a gold mine. He may want the particular property because he knows it is to be condemned for a public

road. Bianchi could attend the sale and buy it in himself. If he prefers his mortgages he is under no duty to buy, but the opportunity is his. In any event the excess of the mortgages over the value of the property never created in a judgment debtor a duty to refrain from executing on that property.

Perhaps the principal reason for the decision of the District Court of Ponce is that the complainant has not alleged that he has any present immediate claim against Trublard. The second mortgage, the one which caused the excitement by not being recorded, is not due at all. There is no allegation that the other mortgage is payable. At any rate, the mortgagee is not attempting to enforce either mortgage. Our notion of the *tercería de mejor derecho* is that a present right attempted to be put into execution is interfered with by a person claiming an adverse right. Here there is no present right. There is not even an adverse claim. The right alleged is all contingent and future. The futility is further emphasized by the fact that another judgment creditor, attempting to execute, would have to go through the same rigmarole. A cause of action must relate to a real controversy. Courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for the future conduct of individuals in their business and social relations; but they are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined. 1 R. C. L. 317. No conclusive determination could arise in this case.

If, perhaps, Pierazzi were attempting to execute on the property, maintaining that his attachment had a preference over the second mortgage, or was even advertising the said property for sale subject only to the first mortgage, some sort of action might arise in Bianchi because it would have been the duty of Pierazzi to know the state of the record mortgages before pushing the sale. But this is entirely spec-

ulative and there are no facts in the complaint to justify this position. On the contrary, in his motion for a judgment on the pleadings Pierazzi expressly and without qualification admits the preference of Bianchi and he is bound thereby.

The judgment must be

*Affirmed.*

Chief Justice Hernandez and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.